{¶ 19} I concur in part and respectfully dissent in part from the opinion of the majority. While I agree that there is no error in the trial proceedings of either case, I find that the trial court sufficiently stated its reasons on the record for imposing consecutive sentences upon the appellant.
 {¶ 20} Pursuant to R.C. 2929.19(B)(2)(c), if the trial court imposes consecutive sentences under R.C. 2929.14, it must make a finding on the record giving the reasons for imposing consecutive sentences.State v. Corrigan (May 25, 2000), Cuyahoga App. No. 76124, citing Statev. Stroud (Oct. 28, 1999), Cuyahoga App. No. 74756. It must be clear from the record that the trial court made the required findings. State v.Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759, citing State v. Veras
(July 8, 1999), Cuyahoga App. Nos. 74416 and 74466.
 {¶ 21} The appellant admits that the trial court made the required findings, but argues that the record does not support the imposition of consecutive sentences. The record reveals that the trial court made the required findings under R.C. 2929.14(E) and stated its reasons for doing so pursuant to R.C. 2929.19 (B)(2)(c).
 {¶ 22} At the sentencing hearing, the trial court heard the victim's statement and heard defense counsel and the appellant in mitigation. The trial court addressed the appellant and noted that he was being sentenced for three felonies of the third degree and two felonies of the fifth degree. The trial court stated:
 {¶ 23} "Now, for the drugs it's mandatory time for whatever the Court gives you, between one and five years. On the sexual battery it's just discretionary, one to five years, and that's not mandatory, and the possession of drugs and trafficking in drugs, the F5's, are six to twelve months.
 {¶ 24} "Factors I consider in every case with the sexual battery defendants; relationship with the victim facilitated the offense. I would say that in listening to the trial, the victim suffered some psychological harm.
 {¶ 25} "Less serious. Doesn't appear to be anything there. Recidivism, more likely. History of criminal convictions. You do have prior convictions. You do have prior convictions, assault on a peace officer for which you did 11 months.
 {¶ 26} "You had a misdemeanor, attempted preparation of drugs, and there was a trafficking for which the judge ran concurrent time of the 11 months. * * *
 {¶ 27} "Mr. Hutchins, I do understand your circumstances growing up. Unfortunately, we have many young men in our society that fall in the same trap and find themselves in those circumstances. I understand how that can happen. Quite frankly, I know people need to survive, but unfortunately everything you did was against the law. That is why you are here. * * *
 {¶ 28} "The point is that you have been in the area, you have been selling drugs and making things worse. You are spreading the poison. You talk about your four year old son. Well, you have kids in the neighborhood that are getting hooked and getting used to the idea that drugs are being sold and one day they can grow up to be a big drug dealer and have money coming out of their pockets and not worry about working for a living. They can sell drugs and poison people on the street. That is the bottom line. So drugs are bad. You've been doing it, as you know, and admitted, for many, many years. * * *
 {¶ 29} "You are viewed as an opportunist both in the drug area and in the sexual area. That is the way I view it too. * * *
"Now, consecutive sentences. The Court must make a finding by law these consecutive sentences are necessary to protect the public, and I'll point out that the Bellview area especially. Punish the offender not disproportionate to the conduct and the danger he poses and the harm is so great or unusual that a single term does not adequately reflect the seriousness of his conduct, and his criminal history shows that consecutive terms are needed to protect the public; up to five years post-release control."
 {¶ 30} After reviewing the record, it is clear that the trial court sentenced appellant in accordance with the mandates of R.C.2929.14(E) and 2929.19(B)(2)(c). The trial court set forth sufficient reasons for its findings, including the appellant's criminal history, long history of selling drugs in the Bellview area, taking advantage of an impaired woman and her psychological harm.